UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
NOVARTIS VACCINES AND DIAGNOSTICS, INC. )
4560 Horton Street                     )
Emeryville, California 94605,          )
                                       )
                                       )
                Plaintiff,             ) Case No.1:07CV00034 (RWR)
                                       )
        v.                             )
                                       )
INSTITUT PASTEUR                       )
25-28 Rue du Docteur Roux              )
75724 Paris, France                    )
                                       )
and                                    )
                                       )
CENTRE NATIONALE DE LA RECHERCHE       )
SCIENTIFIQUE                           )
3 Rue Michel-Ange                      )
75794 Paris, France,                   )
                                       )
                Defendants.            )
_____)

## ANSWER

Defendants Institut Pasteur and Centre Nationale de la Recherche Scientifique (collectively "Defendants") in answer to the allegations of the Complaint plead as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Defendants deny that the postal code for Institut Pasteur is 75015, but otherwise admit the allegations of paragraph 4.

5. Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Defendants admit that the Board issued a Decision on Preliminary Motions on September 1, 2006, and that the Board denied Luciw's two preliminary motions. Defendants deny that the denial of Luciw's motions was erroneous.

11.     Defendants admit that the Board issued a Decision on Luciw's Request for Rehearing on December 4, 2006, and that the Board denied Luciw's request for reconsideration of the Board's denial of Luciw's Motion 2 in the Decision on Preliminary Motions. Defendants deny that the denial of Luciw's request was erroneous.

12.     Defendants admit that the Board issued and entered Judgment in the '289 Interference on December 4, 2006, adverse to Luciw and favorable to Alizon. Defendants further admit that the Judgment ordered that priority as to Count 1 be entered against Luciw and that Luciw is not entitled to claims 1-45 of the '276 patent. Defendants deny that the order was erroneous and contrary to fact and law.

13.     Defendants admit that NOVAD is dissatisfied with the determination of the Board in the '289 interference. Defendants deny that the rulings and judgment of the Board in its Decision on Preliminary Motions, dated September 1, 2006, its Decision on Luciw's Request for Rehearing, dated December 4, 2006, and its Judgment, dated December 4, 2006, were erroneous and that NOVAD is entitled to judgment correcting the erroneous judgment and rulings of the Board.

14. Defendants deny that NOVAD is entitled to priority of invention and that NOVAD was first to invent the subject matter of Count 1 in the '289 Interference.

## **AFFIRMATIVE DEFENSES**

**FIRST DEFENSE: ESTOPPEL**

15. The '289 interference was initiated by the Board on February 28, 2005, between the Luciw patent (U.S. Pat. No. 6,531,276) and the Alizon application (U.S. Application No. 07/999,410). The Board rendered a Decision on Preliminary Motions on September 1, 2006, a Decision on Luciw's Request for Rehearing on December 4, 2006, and a Judgment on Priority on December 4, 2006, limited portions of which have been appealed by Plaintiffs in the instant action pursuant to 35 U.S.C. § 146.

18. The evidence presented by Plaintiffs before the Board was clearly deficient to support the relief now sought before this Court. On information and belief, Plaintiffs knew or should have known of those deficiencies. For example, from the earliest stage of the interference proceeding, Plaintiffs knew or should have known that they had the burden to make a *prima facie* case that Alizon was not entitled to the benefit of its three earlier-filed patent applications filed December 5, 1983, December 19, 1983, and September 6, 1984.

19. Although Luciw knew or should have known that the test for whether Alizon was entitled to priority depended on the perspective of one of ordinary skill in the art, Luciw submitted no testimony from one of ordinary skill in the art as to what Alizon's earlier-filed applications convey.

20. The Board found with respect to Plaintiffs' assertions regarding Alizon's earlier-filed applications:

> The difficulty with Luciw's discussion is that it never gives the perspective of those skilled in the art. In making a determination of what a

> specification would convey, the knowledge of one skilled in the art must be considered. Bilstad v. Wakalopous, 386 F.3d 1116, 1126, 72 USPQ2d 1785, 1792 (Fed. Cir. 2004). There is not a single statement in the argument about what those skilled in the art would conclude from reading the specifications of Alizon's Priority Applications. Nor has Luciw submitted any testimony from one of skill in the art that we may determine, as the test requires, whether Alizon conveyed with reasonable clarity <u>to those of skill in the art</u> that Alizon was in possession of at least one embodiment within the subject matter of the count at the time Alizon's priority applications were filed.

(Decision on Preliminary Motions at 47-48.)

23. The Board made similar findings in the Decision on Preliminary Motions as to Luciw's lack of evidence regarding the separate patentability of claims 2-4 and 7-45:

> Accordingly, to establish <u>non</u>-obviousness, Luciw has the burden of showing that <u>one of ordinary skill in the art</u> reading Count 1 would <u>not</u> have envisaged the probes set forth in Luciw claims 2-4 and 7-45. In that regard, the motion does not address the level of skill in the art. We are given no insight into what one of skill in the art would have known.

(*Id.* at 66.)

24. The Board concluded:

> Since no discussion or evidence of the level of ordinary skill in the art is provided, Luciw has not presented a <u>prima</u> <u>facie</u> case of nonobviousness for the subject matter of claims 2-4 and 7-45 over Count 1.

(*Id.*)

25. From the earliest stage of the interference, Plaintiffs knew or should have known that, in the absence of any evidence from one of ordinary skill in the art regarding these issues, the Board would deny Plaintiffs' motions.

26. On information and belief, Plaintiffs deliberately and knowingly submitted motions to the Board not supported by the requisite evidence to support the allegations now pursued before this Court.

4

27. Plaintiffs are estopped by virtue of their conduct before the Board from seeking to discover or introduce in this Court evidence relating to the allegations now pursued before this Court beyond that introduced before the Board, and which the Board found lacking.

28. In an Order issued September 1, 2006, the Board set time periods for Luciw to submit its priority motion and to serve its evidence by October 10, 2006.

29. In an Order issued November 3, 2006, the Board stated:

> Luciw has not alleged a date of invention that is prior to Alizon's earliest accorded benefit date (See Luciw priority statement, Paper 36 in 105,289). When asked how it would respond to an order to show cause, Luciw indicated that it wishes to continue in interference 105,291 (Luciw v. Chang) but that it expects judgment in the 105,289 interference. After decision on rehearing is entered in that interference, judgment will be entered against Luciw on the issue of priority.

(Paper 73 at 3).

30. Although Luciw was given an opportunity to request that it be allowed to present evidence of priority to the Board, it did not avail itself of that opportunity.

31. Plaintiffs are estopped by virtue of their conduct before the Board from seeking to discover or introduce in this Court evidence relating to priority.

32. Plaintiffs' conduct in pursuing this civil action under these circumstances renders this case exceptional within the meaning of 35 U.S.C. § 285, whereby Defendants are entitled to recover their attorney fees and costs associated with defense of this action.

**SECOND DEFENSE: PRIORITY OF INVENTION OF ALIZON OVER LUCIW**

33. Luciw did not challenge the September 19, 1984, priority date accorded to Alizon.

34. In the Declaration of Interference dated February 28, 2005, Luciw was accorded priority of its application filed October 31, 1984.

35. Before the Board, Defendants timely moved that Plaintiffs should be denied the benefit of this application. (Alizon Motion 2.) That motion was denied by the Board.

36. Should the district court reverse the Board's rulings on Luciw Motion 1, the district court should reverse the Board's ruling on Alizon Motion 2, such that Luciw is denied the benefit of its application filed October 31, 1984.

37. Even if the Board's Decision regarding Luciw's Motion 1 to deny Alizon the benefit of its three earlier-filed patent applications filed December 5, 1983, December 19, 1983, and September 6, 1984, is reversed, Alizon's accorded date of invention (September 19, 1984), unchallenged by Luciw, will be prior to Luciw's earliest accorded date of invention (October 31, 1984). Thus, Alizon should be awarded priority as to Count 1 regardless of whether the Board's Decision regarding Luciw Motion 1 is reversed or not.

**THIRD DEFENSE: UNPATENTABILITY OF LUCIW'S PATENT CLAIMS**

38. Before the Board, Defendants timely moved for judgment in their favor on the ground that Plaintiffs' claims were unpatentable for lack of written description. (Alizon Motion 1.) That motion was denied by the Board.

39. Should the district court reverse the Board's rulings on Luciw Motion 1, the district court should reverse the Board's ruling on Alizon Motion 1, such that claims 1-45 of the Luciw patent are found invalid under 35 U.S.C. § 112, first paragraph, for lack of written description.

40. Before the Board, Defendants timely moved for judgment in their favor on the ground that Plaintiffs' claims 1-8 were unpatentable for being indefinite. (Alizon Motion 3.) That motion was denied by the Board.

41.     Should the district court reverse the Board's rulings on Luciw Motion 1, the district court should reverse the Board's ruling on Alizon Motion 3, such that claims 1-8 of the Luciw patent should are found invalid under 35 U.S.C. § 112, second paragraph, for being indefinite.

## REQUESTS FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief demanded in its Complaint.

Defendants respectfully request that this Court:

A.     Dismiss with prejudice the Complaint;

B.     Affirm the appealed decision of the Board that Alizon's application is entitled to the benefit of its three earlier filed patent applications filed December 5, 1983, December 19, 1983, and September 6, 1984;

C.     Affirm the appealed decision of the Board that claims 2-4 and 7-45 of Luciw's '276 patent correspond to Count 1;

D.     Affirm the decision of the Board awarding priority to Defendants;

E.     Hold that Plaintiffs are estopped from seeking discovery of and introducing additional evidence relating to the issue of priority;

F.     Hold that Plaintiffs are estopped from seeking discovery of and introducing additional evidence relating to its motion to deny Alizon the benefit of its three earlier filed patent applications and other claims for relief in this action;

G.     In the event that the district court reverses the Board's ruling on Luciw Motion 1, hold that claims 1-45 of the Luciw patent are invalid under 35 U.S.C. § 112, ¶ 1 for lack of written description;

     H.     In the event that the district court reverses the Board's ruling on Luciw Motion 1, hold that claims 1-8 of the Luciw patent are invalid under 35 U.S.C. § 112, ¶ 2 for indefiniteness.

     I.     In the event that the district court reverses the Board's ruling on Luciw Motion 1, hold that Luciw is not entitled to the benefit of U.S. Appln. No. 06/667,501;

     J.     Award Defendants its costs, disbursements, and reasonable attorney fees incurred in these proceedings; and

     K.     Enter such other and further relief as the Court deems just and proper.

     Respectfully requested,

INSTITUT PASTEUR AND CENTRE NATIONALE DE LA RECHERCHE SCIENTIFIQUE

By:   /s/ Lara C. Kelley
Lara C. Kelley, D.C. Bar #467837
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001-4403
Phone: (202) 408-4000
Fax: (202) 408-4400

Attorney for Defendants

Dated: March 6, 2007