IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVARTIS VACCINES AND DIAGNOSTICS, INC.<br>4560 Horton Street<br>Emeryville, California 94605,<br><br>               Plaintiff,<br><br>        v.<br><br>INSTITUT PASTEUR<br>25-28 rue de Dr. Roux<br>75015 Paris, France<br><br>and<br><br>CENTRE NATIONALE DE LA RECHERCHE SCIENTIFIQUE<br>3 rue Michel-Ange<br>75794 Paris, France,<br><br>               Defendants. | No. 07-cv-334 (RWR)<br><br>Initial Scheduling Conference:<br>May 25, 2007, 10:30 a.m. |

**JOINT RULE 16.3 STATEMENT**

The parties have conferred as required by Local Rule 16.3 and the Court's Order dated April 3, 2007, and report as follows:

**INTRODUCTION**

This is an action under 35 U.S.C. § 146 to review the decision of the Board of Patent Appeals and Interferences (the "Board") of the United States Patent and Trademark Office (the "PTO") in a patent interference. A patent interference is an adversarial proceeding initiated by the PTO when two or more inventors seek to obtain a patent on the same invention. Ultimately, a patent may be awarded to the party found to have made the invention first. 35 U.S.C. § 102(g).

In this case, the interference involves a diagnostic test to detect in a biological sample the presence of components of the Human Immunodeficiency Virus ("HIV"), which is the cause of AIDS.  The Board issued final judgment in favor of Defendants.

When an interference is declared, the PTO initially designates as the "senior" party the inventor that it determines has filed the earliest patent application disclosing the invention in dispute.  The senior party is presumptively the first to invent; the burden is on the junior party to demonstrate an earlier invention date.  In this case, the inventors ("Alizon, et al.") named in the application owned by Defendants were designated as the senior party, based on patent applications filed in 1983 and 1984.

There are often two phases in an interference:  first, a "preliminary motions" phase where the Board determines issues other than who was the first to invent; and second, the "priority motions" phase where the Board determines which of the inventors first conceived of the invention and reduced it to practice.  In this case, Plaintiff filed, in the preliminary motions phase, two motions.  One of the motions sought a declaration that the Alizon inventors were not entitled to the benefit of several patent applications filed in 1983 and 1984, on grounds of lack of written description and enablement.  Plaintiff also filed a motion seeking to have some of its patent claims designated as directed to an invention outside the interference.  The Board denied both motions.

Defendants filed three motions, the first two seeking a determination, respectively, that Plaintiff's claims involved in the interference are not adequately described in Plaintiff's patent and that Plaintiff's earliest, October, 1984 application does not provide written description support for the claimed invention; and the third, seeking a determination that Plaintiff's claims

involved in the interference are unpatentable for indefiniteness.  The Board denied all three motions.

The Board thereupon issued judgment for Defendants.  In this action Plaintiff intends to show that the Board erred in denying its preliminary motions, and in awarding judgment to Defendants.

Defendants, at the outset, intend to seek summary judgment on Plaintiff's first motion on grounds of estoppel.  The Board found that Plaintiff failed to adduce *any* evidence to the Board on the issue of knowledge of one of ordinary skill in the art.  Furthermore, Plaintiff took the position before the Board that no such evidence was necessary.  Defendants contend that Plaintiff was required to adduce such evidence, as a matter of law.  Defendants assert that Plaintiff's actions below estop Plaintiff from bringing such evidence for the first time before this Court.  To hold otherwise, Defendants contend, would permit Plaintiff to bypass and trivialize the full and fair administrative process before the Board.

Plaintiff maintains that Defendants' estoppel defense will fail as a matter of law.  An action under 35 U.S.C. § 146 is a "trial de novo."  *See Brand v. Miller*, ___ F.3d ___, 2007 U.S. App. LEXIS 11258, at *10 (Fed. Cir. May 14, 2007) (describing section 146 action as "subsequent trial de novo" of interference decision).  "Unlike a direct appeal to [the Federal Circuit] pursuant to 35 U.S.C. § 141, the parties before the district court are not limited to the evidentiary record before the Board."  *Winner v. Wang*, 202 F.2d 1340, 1345 (Fed. Cir. 2000).  Rather, "the statute authorizes the district court to accept all proffered testimony on issues raised by the parties during the proceedings below or by the board's decision."  *Case v. CPC Int'l, Inc.*, 730 F.2d 745, 752 (Fed. Cir. 1984).  In this case, Plaintiff intends to introduce additional

3

evidence, not before the Board, that clearly relates to an issue raised during the interference. There has been no "estoppel" that prevents Plaintiff from introducing new evidence.

Plaintiff further maintains that the Board erred in denying its preliminary motions. If the Board had granted the preliminary motion to deny the Alizon inventors the benefit of their earliest patent applications, Plaintiff would have been able to show that it made the invention prior to the Defendants, and thus was entitled to prevail on the issue of priority of invention.

Defendants assert that Plaintiff's characterization of the law is incorrect. Defendants in any event maintain that the Board was correct on the merits in denying both of Plaintiff's motions. Defendants also maintain that the Board was incorrect in denying Defendants' motions. Moreover, Defendants maintain that Plaintiff was accorded a full and fair opportunity to present its priority case to the Board, but chose not to, and instead took judgment against it. Accordingly, Defendants assert that priority is neither an issue before this Court, nor can it be remanded to the Board.

The parties believe that the most efficient approach to scheduling this case is to proceed with review of the preliminary motion phase first, and, if the Court decides to reach the issue of priority, to consider that issue after the preliminary motion issues have been decided. No factual discovery will be needed to resolve the preliminary motions. If the Court were to consider the priority issue, however, Defendants would seek fact discovery from Plaintiff on that issue.

## TOPICS LISTED IN LOCAL RULE 16.3(c)

(1)  *Dispositive motions*:  Because Defendants believe that their estoppel defense would dispose of a majority of this case quickly, Defendants propose to file an early dispositive motion on this defense. After expert discovery is complete, to the extent necessary to dispose of

any remaining issues in the case, both parties anticipate filing summary judgment motions on the merits.

(2)  *Adding parties and amending pleadings*:  The parties do not anticipate any need to add parties or amend the pleadings.

(3)  *Assignment to a magistrate judge*:  The parties do not consent to assignment to a magistrate judge.

(4)  *Settlement*:  The parties are currently pursuing settlement discussions.  The parties believe that settlement may be a realistic possibility.

(5)  *ADR*:  In the event the parties' direct negotiations are unsuccessful, the parties believe that a mediation would be appropriate.

(6)  *Schedule for dispositive motions*:  Defendants propose to file a summary judgment motion on the estoppel defense by June 8, 2007.  They propose that the motion be heard by July 25, 2007, and decided by August 24, 2007.  Defendants respectfully submit that such a schedule, if acceptable to the Court, would enable the case management schedule to proceed according to a timetable consistent with that set forth by the Court in the attachment to its April 3, 2007, Order, and would avail the parties of the issues for which expert discovery is appropriate.

The parties propose that all other dispositive motions for the initial phase of the case should be filed, following expert discovery, by December 21, 2007.

(7)  *Initial disclosures*:  The parties stipulate to dispense with initial disclosures under Fed. R. Civ. P. 26(a)(1).

(8)  *Discovery*:  No factual discovery will be needed for the initial phase of the case. If the Court concludes that the Board erred in denying Plaintiff's preliminary motions, a second phase may be needed, and factual discovery may be required.  Defendants maintain that priority is not an issue properly before this Court.  The parties propose that the Court address whether a

second phase will take place, and what discovery should be permitted, after the first phase is complete.

(9) *Expert discovery*: The parties propose to exchange opening expert witness reports by September 25, 2007, and rebuttal expert reports by October 25, 2007, with expert depositions to take place by November 29, 2007. No revisions to Fed. R. Civ. P. 26(a)(2) are required.

(10) *Class actions*: This is not a class action.

(11) *Bifurcation*: As described above, the parties believe that it would be efficient to consider, as the first phase of the case, the Board's decisions on preliminary motions. If Plaintiff prevails in the first phase, a second phase may be necessary to determine which party was the first to invent, an issue not considered by the Board.

(12) *Pretrial conference*: The parties propose that the pretrial conference for the initial phase of the case be set for some time in March 2008.

(13) *Trial date*: The parties propose that the trial date be set at the pretrial conference.

(14) *Other matters*: The parties are not aware of other matters that require the court's attention.

Dated: May 18, 2007

By: /s/ John P. Corrado
John P. Corrado (D.C. Bar No. 380948)
Morrison & Foerster LLP
2000 Pennsylvania Avenue, N.W., Suite 5500
Washington, DC 20006-1888
Phone: (202) 887-1500

Attorneys for Plaintiff

Dated: May 18, 2007                     By: /s/ Arie M. Michelsohn
                                                       Arie M. Michelsohn (D.C. Bar No. 477275)
                                                       Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
                                                       901 New York Avenue, N.W.
                                                       Washington, DC 20001-4403
                                                       Phone: (202) 408-4000
                                                       Fax:     (202) 408-4400

                                                       Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVARTIS VACCINES AND DIAGNOSTICS, INC.<br>4560 Horton Street<br>Emeryville, California 94605,<br><br>                   Plaintiff,<br><br>        v.<br><br>INSTITUT PASTEUR<br>25-28 rue de Dr. Roux<br>75015 Paris, France<br><br>and<br><br>CENTRE NATIONALE DE LA RECHERCHE SCIENTIFIQUE<br>3 rue Michel-Ange<br>75794 Paris, France,<br><br>                   Defendants. | No. 07-cv-334 (RWR) |

### [PROPOSED] ORDER RE INITIAL SCHEDULING CONFERENCE

The Court held an initial scheduling conference on May 25, 2007. The court now enters the following scheduling order:

       1.      This is an action under 35 U.S.C. § 146 to review the decision of the Board of Patent Appeals and Interferences (the "Board") of the United States Patent and Trademark Office (the "PTO") in a patent interference. In this case, the Board issued a decision on "preliminary motions" and thereupon issued judgment for Defendants. The case will proceed with review of the preliminary motions first, and, if the Court decides to reach the issue of priority of invention, it will consider that issue after the preliminary motion issues have been decided.

2

    2.    Based on the parties' stipulation, there will be no initial disclosures under Rule 26(a)(1).

    3.    No factual discovery will be taken in connection with the preliminary motions phase of the case. The Court address whether a second phase will take place, and what discovery should be permitted, after the first phase is complete.

    4.    Defendants may file a summary judgment motion on the estoppel defense by June 8, 2007, for hearing on July 25, 2007. All other dispositive motions for the initial phase of the case should be filed, following expert discovery, by December 21, 2007.

    5.    Opening expert witness reports are to be exchanged by September 25, 2007, and rebuttal expert reports by October 25, 2007, with expert depositions to take place by November 29, 2007.

    6.    The pretrial conference for the initial phase of the case be set for March ___, 2008.

SO ORDERED.

Dated: May ___, 2007

                                                  RICHARD W. ROBERTS
                                                United States District Judge