UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVARTIS VACCINES AND DIAGNOSTICS, INC.<br>4560 Horton Street<br>Emeryville, California 94605,<br><br>                    Plaintiff,<br><br>             v.<br><br>INSTITUT PASTEUR<br>25-28 Rue du Docteur Roux<br>75724 Paris, France<br><br>and<br><br>CENTRE NATIONALE DE LA RECHERCHE<br>SCIENTIFIQUE<br>3 Rue Michel-Ange<br>75794 Paris, France,<br><br>                    Defendants. | Case No.1:07CV00034 (RWR) |

## JOINT MOTION TO MODIFY SCHEDULING ORDER

**I. INTRODUCTION**

The Parties, Novartis Vaccines and Diagnostics, Inc. ("Novartis"), and Institut Pasteur and Centre Nationale de la Recherche ("Pasteur") jointly move this Court to modify its May 31, 2007, Scheduling Order. Although the mediation period under the May 31st Order was to begin on July 25, 2007, a mediator was not appointed until August 28, 2007, and the mediator has indicated that the earliest time at which a first mediation session could be held is September 21, 2005. The parties are continuing to negotiate settlement in good faith, and have voluntarily submitted to the Court's mediation program. The Parties respectfully request modification of the

current Scheduling Order in order to allow the Parties a full 60-day mediation period as originally set forth by the Court.

## II. FACTS IN SUPPORT OF MOTION

1. Pursuant to the Court's May 31, 2007, Scheduling Order, this case was to have been referred to the Court's mediation program no earlier than July 25, 2007, for a period of 60 days. If the Parties did not settle the case by this time, the defendants were to have filed a summary judgment motion regarding their estoppel defense, on September 25, 2007. [Ex. 1].

2. The Court's mediation program assigned a mediator to this case, Ms. Joan K. Lawrence, on August 28, 2007. [Ex. 2].

3. Ms. Lawrence contacted the Parties via e-mail, on September 12, 2007. [Ex. 3.] In her e-mail, Ms. Lawrence informed the Parties that, because of prior commitments, the earliest date on which a first mediation can be held is September 21, 2007. [Ex. 3]. In her e-mail, Ms. Lawrence further suggested that the Parties request modification of the current Scheduling Order:

> I am aware that a date of September 25 for the filing of summary judgment motions was stated in the scheduling order. In view of the Court's delay in forwarding the mediation request to the ADR Office, perhaps you could request an extension of this date to permit the mediation to proceed.

[Ex. 3].

4. The Parties represent that they are interested in continuing their good-faith negotiations towards settlement, through the process of mediation.

## III. LEGAL ARGUMENT

Pursuant to Fed. R. Civ. P. 16(b), "a [scheduling] [order] shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b); *see also* LCvR 16.4 ("The court may modify the scheduling order at any time upon a showing of good

2

cause."). This Court has noted that Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment. The district court may [therefore] modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *National R.R. Passenger Corp. v. Expresstrak, L.L.C.*, 2006 WL 2711533, *2 (D.D.C. September 21, 2006) (internal citations omitted). This Court has further noted that "'Central to [the] required showing of diligence is whether the movant discharged [its] obligation under Rule 16 to collaborate with the district court in managing the case.'" *Id*. "Some courts also consider the 'possible prejudice to the party opposing the modification.'" *Id*.

Here, the Parties jointly move for modification of the current Scheduling Order. The Parties voluntarily submitted this case to the Court's mediation program, pursuant to the Court's May 31, 2007, Scheduling Order. However, a mediator was not appointed until August 28, 2007 [Ex. 2], and, due to prior commitments, the mediator appointed to this case, Ms. Lawrence, is unable to hold a first mediation session until September 21, 2007, at the earliest. [Ex. 3]. In her e-mail communication to the Parties, Ms. Lawrence specifically suggested that the Parties request the Court's modification of the current Scheduling Order. [Ex. 3 (*quoted* above)].

The Court's May 31, 2007, Order contemplates a 60-day mediation period prior to the first motion practice in this case, defendants' filing of their summary judgment motion regarding estoppel, currently due on September 25, 2007, which is only four days after the earliest date on which the mediation period may even begin. In order to accommodate the Parties' desire to pursue settlement via the mediation process, the Parties respectfully request that the Court permit a full 60-day mediation period to occur prior to the beginning of motion practice, as originally contemplated by the Court's May 31, 2007, Order, and that the remaining dates in the Order for

expert discovery, dispositive motions, and the post-discovery status conference, be likewise modified accordingly. The Parties jointly propose the following dates:

Defendants' summary judgment motion regarding estoppel: Due November 29, 2007

Dispositive motions: Due April 11, 2008

Post-discovery status conference: March 11, 2008

The Parties respectfully submit that they have diligently complied with the Court's May 31, 2007, Scheduling Order. The Parties further respectfully submit that, in view of the late appointment of a mediator by the Court's mediation office and the prior commitments of the mediator, the original schedule set forth by the Court, in which the mediation period is currently set to end on September 25, 2007, cannot reasonably be met, despite the diligence of the parties. The Parties further submit that, in view of the motion being a joint motion of the Parties, there is no possibility of prejudice to either Party. Accordingly, the Parties respectfully submit that good cause for modification of the May 31, 2007, Scheduling Order has been shown.

## IV.    CONCLUSION

For the foregoing reasons, the Parties respectfully request that the May 31, 2007, Scheduling Order be modified as set forth above. A Proposed Order is enclosed herewith.

Respectfully submitted,

Dated: September 18, 2007       By: /s/ John P. Corrado
                                    John P. Corrado (D.C. Bar No. 380948)
                                    Morrison & Foerster LLP
                                    2000 Pennsylvania Avenue, N.W., Suite 5500
                                    Washington, DC 20006-1888
                                    Phone: (202) 887-1500

                                    Attorneys for Plaintiff

4

5

Dated: September 18, 2007            By: /s/ Arie M. Michelsohn
                                                                   Arie M. Michelsohn (D.C. Bar No. 477275)
                                                                   Finnegan, Henderson, Farabow, Garrett &
                                                                   Dunner, L.L.P.
                                                                   901 New York Avenue, N.W.
                                                                   Washington, DC  20001-4403
                                                                   Phone:  (202) 408-4000
                                                                   Fax:    (202) 408-4400

                                                                   Attorneys for Defendants

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NOVARTIS VACCINES AND           )
DIAGNOSTICS, INC.,              )
                                )
        Plaintiff,              )
                                )
    v.                          )    Civil Action No. 07-0034 (RWR)
                                )
INSTITUTE PASTEUR et al.,       )
                                )
        Defendants.             )

## SCHEDULING ORDER

Upon consideration of the representations made in court by the parties at the May 25, 2007 initial scheduling conference, it is hereby

ORDERED that:

1. This case shall be referred to the mediation program no sooner than July 24, 2007 for 60 days. If the case has not been settled by then, the defendants shall have until September 25, 2007 to file their summary judgment motion regarding estoppel.

2. Thereafter, this case shall proceed with the following deadlines timed from the date of the decision on defendants' summary judgment motion:

| | |
|---|---|
| Expert witness designations | 30 days |
| Rebuttal expert witness designations | 60 days |
| All discovery closed | 90 days |
| Dispositive motions | February 11, 2008 |

3. The post-discovery status conference is scheduled for January 11, 2008 at 9:15 a.m. Parties must bring full settlement authority to this conference. If settlement is not reached, a pretrial conference and trial date will be selected. Parties

-2-

must be prepared at the status conference to advise the Court of the expected length of trial and of the number of fact and expert witnesses that each party will present, and whether the electronic courtroom will ne needed. Trial counsel themselves must appear at all hearings, unless excused by the Court in advance of the hearing date.

4. **Court dates and the deadline for the close of discovery may be continued only by leave of the undersigned.** A motion for a continuance of a court date must include alternative dates that have been agreed to by all parties. Failure to provide such information may result in denial of the motion.

5. **Deadlines (other than the deadline for the close of discovery) and discovery limits may be altered, when all parties consent, by the filing of a Consent Notice specifying the altered deadlines or limits and stating all parties' consent. The altered deadlines or limits shall be effective upon the filing of the Consent Notice; no court Order shall be required.**

6. Any motion that does not comply with Local Civil Rule 7(c) or 7(m) may be, *sua sponte*, denied.

7. Every motion for summary judgment and opposition to such a motion must comply with Local Civil Rule 56.1. Every statement of undisputed material facts accompanying such a motion and every separate concise statement of genuine disputed issues accompanying such an opposition must be set forth in separately numbered paragraphs. Every opposition to a motion for summary judgment must contain a response to the statement of undisputed material facts that sets forth each paragraph of the movant's statement and immediately following each such paragraph sets forth the opponent's response to those facts along with specific references to the parts of the record relied upon to support the response. If an opposition fails to include a separate concise statement of genuine disputed issues, or a response to the

-3-

statement of undisputed material facts, or specific references to the parts of the record relied upon to support the statement or response, the court may treat as conceded any facts asserted in the movant's statement of undisputed material facts.

8. The parties and their counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, e.g., mediation or neutral evaluation, is encouraged and available upon request to the Court at any time, as is a settlement conference before a magistrate judge. If the case settles in whole or in part, plaintiff shall advise the Court by promptly filing a stipulation.

9. All discovery disputes shall be referred to a Magistrate Judge. Before bringing a discovery dispute to the Magistrate Judge, the parties shall confer in good faith in an effort to resolve the discovery dispute, and parties are warned that failure to do so will result in sanctions. Moreover, if any judicial officer is called upon to resolve a discovery-related **motion,** the losing party's **attorney** (or the losing party if *pro se*) shall be sanctioned pursuant to Federal Rule of Civil Procedure 37(a)(4).

10. There shall be a Pretrial Conference set at the post-discovery status conference. **Three weeks** in advance of the Pretrial Conference, parties are required to meet and prepare a Joint Pretrial Statement that must be submitted not less than **eleven days** prior to the Pretrial Conference in accordance with Local Civil Rule 16.5(d)(5) and 16.5(a)(2). At the meeting, parties must discuss and attempt to resolve all objections to exhibits (including as to authenticity) and all motions in limine. The form for the Joint Pretrial Statement is attached to this Order as Appendix A. Separate Pretrial Statements may be struck, *sua sponte*.

11. Parties' written communication with the Court is to be by motion, opposition, and reply, rather than by letter. Oral

-4-

inquiries concerning the status or scheduling of any pending matter shall be directed to the Courtroom Deputy Clerk, Ms. Linda Romero, (202) 354-3166, rather than to chambers.  If Ms. Romero is unavailable, such inquiries shall be directed to the staff person in the Clerk's Office designated as her substitute.  In an emergency, however, chambers can be reached at (202) 354-3400.

SIGNED this 31st day of May, 2007.

```
                          /s/
               _____
               RICHARD W. ROBERTS
               United States District Judge
```

-5-

# APPENDIX A

[*Form of Joint Pretrial Statement to be Filed* **Eleven Days before Pretrial Conference**]

[**CASE CAPTION**]

JOINT PRETRIAL STATEMENT
―――――――――――――――――――

1. **Parties and Counsel:** List names, addresses, and telephone numbers of all parties and counsel on whose behalf this Statement is filed.

2. **Nature of the Case:** Give a brief statement describing the nature of the case, the identities of the parties, and the basis of the Court's jurisdiction. The statement of the case should be sufficiently brief, clear, and non-argumentative to be suitable for reading to the jury.

3. **Claims and/or Defenses:** Give a statement of claims setting forth, concisely, each party's claims against any other party (*including counter-, cross-, and third-party claims*) and the party or parties against whom the claim is made. The statement of defenses shall set forth each defense a party interposes to a claim asserted against it by any other party, including defenses raised by way of general denial, without regard to which party has the burden of persuasion.

4. **Undisputed Issues/Stipulations:** List all issues not in dispute or facts to which the parties have stipulated.

5. **Witness Schedule:** List the name, address, and telephone number of each witness scheduled to be called by a party, including rebuttal witnesses. The schedule shall also set forth a brief description of the testimony to be given by the witness, and an estimate of the time necessary for direct examination. Opinion witnesses shall be designated by an asterisk. Witnesses called for impeachment purposes only need not be listed. However, no party may call at trial any witness not listed (*except for impeachment purposes*) on their Pretrial Statement.

6. **Exhibit List:** Describe each exhibit to be offered in evidence, including (*if possible*) rebuttal exhibits, with each exhibit identified by number, title, and date (*if applicable*). No exhibit will be admitted at trial unless it is listed on the Pretrial Statement. Each exhibit listed will be deemed authentic

-6-

and admitted at trial unless an objection is made in the Joint Pretrial Statement and its basis is articulated. **If there are objections to an exhibit in the Joint Pretrial Statement, the exhibit should be produced at the Pretrial Conference for the Court's review.**

7. **Deposition Testimony:** Identify each deposition or portion thereof (*by page and line numbers*) the party intends to offer in evidence. **All** cross-designations under Federal Rule of Evidence 106 must be identified as well.

8. **Relief Sought:** Set forth separately each element of damages and the monetary amount claimed, including prejudgment interest, punitive damages, and attorneys' fees. Do not include amounts claimed for intangible damages. Set forth all other types of relief sought against any party.

9. **Pending Motions:** List all pending motions showing title and filing date. List any motions to be decided at commencement of trial.

10. **Trial Brief:** A trial brief addressing any unusual issues of fact or evidence not already submitted to the Court shall be filed with the pretrial statement.

11. **Motions in Limine:** Motions in limine shall be filed with the Court and served on opposing counsel no later than twenty calendar days before the date of the pretrial conference; oppositions shall be due not later than fifteen calendar days before the pretrial conference. All evidence that a party offers at trial under Federal Rule of Evidence 404(b) must be disclosed to all other parties no later than 30 days prior to the deadline for filing motions in limine.

12. **Demonstrative Evidence:** Describe all such items to be used at trial. Any objections must be made in the Joint Pretrial Statement.

13. **Jury Cases:** Submit list of requested voir dire questions, showing those agreed upon and not agreed upon; submit list of standard instructions showing those agreed upon and not agreed upon; submit complete text of non-standard instructions with authorities relied upon showing those agreed upon and not agreed upon; submit text of verdict form, including any special interrogatories. **Submit all of the items identified in this paragraph formatted in Word Perfect Version 9.0 or higher via e-mail to roberts_chambers@dcd.uscourts.gov. Counsel are admonished NOT to use this e-mail address for ANY other purpose.**

-7-

14. **Non-Jury Cases:** Submit detailed proposed findings of fact and conclusions of law with supporting authorities. **Submit all of these proposed findings and conclusions formatted in Word Perfect Version 9.0 or higher via e-mail to roberts_chambers@dcd.uscourts.gov.** Counsel are admonished NOT to use this e-mail address for ANY other purpose.

15. **Estimated Length of Trial:** List number of days, and any scheduling problems with witnesses.

16. **Miscellaneous Matters:**

The following text and signature line shall be included after the signatures of counsel:

The foregoing Joint Pretrial Statement, as revised at the Pretrial Conference in the presence of counsel, shall stand as the Pretrial Order in this case.

_____                    _____
DATE                                    RICHARD W. ROBERTS
                                        United States District Judge

# EXHIBIT 2

**Michelsohn, Arie**

| | |
|---|---|
| **From:** | Michael_Terry@cadc.uscourts.gov |
| **Sent:** | Tuesday, August 28, 2007 10:36 AM |
| **To:** | jcorrardo@mofo.com; mkreeher@mofo.com; Michelsohn, Arie |
| **Subject:** | Novartis Vaccines v Institute Pasteur, et al., Civil Action Number 07-0034 |

```
I have assigned the following mediator to your case:

Joan K. Lawrence, Esquire
2161 N. Lincoln Street
Arlington, Virginia 22207

703-524-9282

Please get in touch with your mediator to start the process. The mediation
procedures can be found in local rule 84. if you have any questions about
this appointment, please call me at 202-216-7343.
```

# EXHIBIT 3

Case 1:07-cv-00034-RWR    Document 12-4    Filed 09/18/2007    Page 1 of 2

## Michelsohn, Arie

| | |
|---|---|
| **From:** | jlawrence45@comcast.net |
| **Sent:** | Wednesday, September 12, 2007 10:51 PM |
| **To:** | jcorrado@mofo.com; mkreeger@mofo.com; RKrevans@mofo.com; Michelsohn, Arie |
| **Subject:** | Novartis v Institut Pasteur et al Mediation |

Dear Mr. Corrado, Mr. Kreeger, Ms. Krevans, and Mr. Michelsohn,

    Please accept my apologies for the delay in communication regarding scheduling a first mediation session in this case. I have been involved in a project and have also had some voice mail and email challenges.

    While it is optimum to set a first mediation session within three weeks of beginning the mediation process, there is some flexibility in scheduling. Because of prior commitments, my schedule for the next several weeks is a bit tight. I am available on Friday, September 21 after 1:30 PM; Thursday, September 27 after 2:30 PM; Monday, October 1 after 1:30 PM; Friday, October 5 after 1:30 PM; Monday, October 8 (Columbus Day holiday) all day; Tuesday, October 9 after 2:30 PM; and Thursday, October 11 after 2:30 PM. Please let me know by return email which of these dates would work for you.

    Once a date is agreed upon, a confidential mediation statement from each party summarizing the party's position in the case and bases on which the case could be settled is required to be submitted to me prior to the first mediation session. I am aware that a date of September 25 for the filing of summary judgment motions was stated in the scheduling order. In view of the Court's delay in forwarding the mediation request to the ADR Office, perhaps you could request an extension of this date to permit the mediation to proceed.

    I look forward to hearing from you at your earliest convenience.

Sincerely,

Joan K. Lawrence
Mediator
U.S. District Court for the District of Columbia

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NOVARTIS VACCINES AND DIAGNOSTICS, INC. <br> 4560 Horton Street <br> Emeryville, California 94605, <br><br> Plaintiff, <br><br> v. <br><br> INSTITUT PASTEUR <br> 25-28 Rue du Docteur Roux <br> 75724 Paris, France <br><br> and <br><br> CENTRE NATIONALE DE LA RECHERCHE SCIENTIFIQUE <br> 3 Rue Michel-Ange <br> 75794 Paris, France, <br><br> Defendants. | Case No.1:07CV00034 (RWR) |

## [PROPOSED] MODIFIED SCHEDULING ORDER

Upon consideration of the representations of the parties in their Joint Motion to Modify Scheduling Order Pursuant to Fed. R. Civ. P. 16(b), it is hereby

ORDERED that:

1. This case shall be submitted to the mediation program as of today's date, for a period of sixty (60) days. If the case has not been settled by then, the defendants shall have until November 29, 2007, to file their summary judgment motion regarding estoppel.

2. The following additional dates shall be modified from those set forth in the Court's May 31, 2007, Scheduling Order:

2

      (a)      Dispositive motions shall be due on April 11, 2008; and

      (b)      The post-discovery status conference shall be held on March 11, 2007.

3.      All other provisions of the Court's May 31, 2007, Scheduling Order shall remain in full force and effect.

IT IS SO ORDERED.

_____      _____
DATE      RICHARD W. ROBERTS
      U.S. District Court Judge